Filed 11/8/13  P. v. Nye CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C071415 |
| Plaintiff and Respondent, | (Super. Ct. No. P11CRF0534) |
| v. | |
| KENNETH BRUCE NYE, | |
| Defendant and Appellant. | |

Defendant Kenneth Bruce Nye repeatedly beat and verbally threatened his wife (the victim) during their marriage of approximately seven years.  In this case, a jury found him guilty of making criminal threats and inflicting corporal injury on the victim having previously been convicted of corporal injury on her within seven years.

The evidence supporting the current crimes was as follows:  On October 21, 2011, defendant (who was living apart from the victim) came over to her house to return some bike tires, but the victim told him to leave.  Instead of leaving, defendant went inside a garage on the property.  The victim told him to get off the property. Defendant hit the victim on her head with something that felt like a metal pipe, causing her nose to bleed,

1

and then told her, " 'I'm going to kill you, bitch.' " The victim called 911, and police found defendant hiding in his car. Defendant denied hitting the victim and said he was being sarcastic when he told her he was going to kill her. Approximately four years before these crimes, defendant pled to inflicting corporal injury on the victim.

At trial, defendant's sister testified that the victim had falsely accused the sister of "attacking [the victim], hitting her, [and] vandalizing her home." Defendant's sister acknowledged that charges were filed against her, but she claimed it was a "false police report."

On appeal, defendant raises two evidentiary issues and one sentencing issue. Finding merit in only the sentencing issue, we modify the judgment.

DISCUSSION

I

*There Was Sufficient Evidence Of Defendant's Prior Corporal Injury Conviction*

Defendant contends there was insufficient evidence to support the jury's finding that he had a prior conviction for inflicting corporal injury on a spouse within seven years of the current crimes.

The proof of the prior conviction consisted of the following: toward the very end of the People's case-in-chief and in front of the jury, the prosecutor asked the court to take judicial notice of the following: "[A] plea that [defendant] entered to a violation of Penal Code Section 273.5, corporal injury to a spouse, being [the victim]. He entered that plea on April 23rd of 2007." Defense counsel did not object, and the court stated it would take the requested judicial notice. The People then rested and the court told the jury, "So, ladies and gentlemen, you basically heard all of the testimony you're going to hear from the People in this case, at least up to this point. If there's rebuttal testimony, that's something else. [¶] Now we'll start with the Defense case." In opening statement and in closing argument, defense counsel admitted to the jury that defendant had pled to that prior conviction.

Defendant's insufficiency of the evidence argument is based on the fact that the only evidence of the prior conviction was the judicial notice of the prior conviction. According to defendant, "a judicially noticed fact does not constitute evidence, but rather is a recognition of the existence of a fact as a matter of law." He is wrong. " 'Judicial notice is the recognition and acceptance by the court, *for use by the trier of fact* or by the court, *of the existence of a matter of law or fact that is relevant to an issue in the action without requiring formal proof of the matter*.' [Citation.] The court may in its discretion take judicial notice of any court record in the United States. [Citation.] This includes any orders, findings of facts and conclusions of law, and judgments within court records." (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882, italics added.) Defendant's plea to corporal injury to a spouse falls within these parameters.

II

*Defendant Forfeited His Argument Regarding Questioning His Sister*
*About Whether Charges Had Been Filed Against Her For Battering The Victim*

Defendant contends the trial court abused its discretion when it allowed the People to question his sister about whether criminal charges had been filed against her because the court prohibited the defense from eliciting evidence that those same charges were dismissed. We find the issue forfeited, despite defendant's argument that any objection would have been futile.

It was actually defense counsel who moved to admit the evidence that defendant's sister was charged with battering the victim. Specifically, defense counsel filed an in limine motion to admit the following facts: a misdemeanor complaint was filed against defendant's sister and the charges were dismissed in the "i[nterest] of j[ustice]." At the hearing on whether to admit this evidence, the court noted that a dismissal in the interest of justice did not mean it was a false charge, noting that "[c]ases get dismissed all the time for a myriad of reasons." As the matter continued to be discussed, the court

3

reiterated that there was no evidence as to why the case was dismissed, so the court was not going to allow in evidence of the dismissal. Even as the court continued making its ruling clear on the inadmissibility of the dismissal evidence, defense counsel still urged the admission of the fact that defendant's sister was charged. Specifically, defense counsel stated, "So we are allowed to get into the fact that she was charged, correct?" The court agreed and also agreed to allow testimony from defendant's sister herself that "[s]he can say they're false." At no point did defense counsel argue that he wanted evidence of the charges being filed excluded if he was not allowed to solicit evidence that the charges were dismissed. During direct examination of defendant's sister, defense counsel asked whether the victim had ever accused her of doing something she had not done. Defendant's sister testified the victim had accused her of "attacking her, hitting her, [and] vandalizing her home." During cross-examination, the People asked defendant's sister if charges were filed against defendant's sister. Defendant's sister responded, "Yes, she did bring a false police report."

Defendant now claims that any objection to the evidence that charges were filed against defendant's sister would have been futile. (See *People v. Dykes* (2009) 46 Cal.4th 731, 756 ["trial counsel's failure to object to claimed evidentiary error on the same ground asserted on appeal results in a forfeiture of the issue on appeal"]; *People v. Wilson* (2008) 44 Cal.4th 758, 793 "[a] litigant need not object . . . if doing so would be futile"].) Not so. Since it was defense counsel who requested admission of the evidence of the charges being filed, we cannot say the court would have refused to allow defense counsel to withdraw that request once it ruled that the evidence of the dismissal could not come in. Importantly, the record reflects that defense counsel did not want to withdraw his request. He wanted the evidence of dismissal admitted, but failing that, the record

4

demonstrates he was satisfied at the very least to have defendant's sister testify that those charges were false, as counsel was still pressing his request to admit the charges into evidence after the court made clear it was not allowing in evidence of the dismissal. Thus, defendant's claim that the court should not have admitted evidence of the charges against defendant's sister is forfeited because defense counsel failed to request its exclusion in the trial court.

III

*The Court Improperly Ordered Defendant To Pay A Criminal Needs Assessment Under Government Code Section 68085.4, But No Amendment To The Abstract Is Needed*

Defendant contends and the People concede the trial court improperly ordered defendant to pay a criminal needs assessment under Government Code section 68085.4. That code section deals with how certain fees that are collected should be allocated. (Gov. Code, § 68085.4, subd. (a).) While the court orally pronounced it was imposing a total of $60 in critical needs assessment fees pursuant to that code section, the abstract of judgment notes that a "criminal conviction assessment" of $60 was imposed pursuant to Government Code section 70373. That code section imposes a mandatory assessment of "thirty dollars ($30) for each . . . felony" "[t]o ensure and maintain adequate funding for court facilities." (Gov. Code, § 70373, subd. (a).) While it is generally true an oral pronouncement of judgment controls (*People v. Mesa* (1975) 14 Cal.3d 466, 471), where an assessment is mandatory, its "omission may be corrected for the first time on appeal" (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530). However, no amendment to the abstract of judgment is necessary, because the abstract of judgment notes the correct code section for the $60 assessment.

DISPOSITION

The judgment is modified to reflect that the $60 assessment is imposed pursuant to Government Code section 70373. (No amendment to the abstract of judgment is

5

necessary, because the abstract of judgment notes this already.)  As modified, the judgment is affirmed.

                                        _____ROBIE_____ , Acting P. J.

We concur:

_____BUTZ_____ , J.

_____HOCH_____ , J.

6